**GT** GreenbergTraurig

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

Request GRANTED.  Defendants shall answer or otherwise respond to the Complaint no later than February 21, 2025.  The initial pretrial conference currently scheduled for February 6, 2025, shall be adjourned to March 13, 2025, at 10:00 a.m.

January 21, 2025

Dated:  January 22, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 20B
New York, NY 10007

Re:     *iMerchant, Inc. v. JPMorgan Chase & Co, et al.* No. 1:24-cv-09727-JLR—
        JPMorgan Chase Bank, N.A.'s Consent Request For Extension of Time to Respond to
        Complaint and Consent Request For Adjournment of Initial Conference

Dear Judge Rochon:

My firm is counsel for defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-captioned action, which was removed to this Court on December 17, 2024.[1]  Pursuant to Rule 1(F) of Your Honor's Individual Rules of Practice in Civil Cases, Chase writes to request: (1) an extension of time to respond to the Complaint from the current deadline of January 23, 2025 to February 21, 2025, and (2) an adjournment of the Initial Pretrial Conference currently scheduled for February 6, 2025 to a date that post-dates Chase's new deadline to respond to the Complaint and is convenient to the Court.  Counsel for plaintiff iMerchant, Inc. has consented to both requests herein.

This is Chase's second request for an extension of its time to respond to the Complaint and its first request for an adjournment of the Initial Pretrial Conference.  Both requests set forth herein are sought so Chase can assess the allegations in the Complaint and determine its response.  The Court previously granted Chase's first request for an extension of time to respond to the Complaint on December 19, 2024 before the holiday period.  Other than the Initial Pretrial Conference (which Chase requests be adjourned to post-date its response to the Complaint), there is no other deadline or scheduled appearance before the Court that such an extension would affect.

We appreciate the Court's attention to this matter and are available should the Court have any questions.

---

[1] As Chase asserted in its Notice of Removal, its co-defendant JPMorgan Chase & Co. is not a proper party to this action.  *See* Doc. No. 1 ¶¶ 17-19; *see also Russell v. Citigroup*, No. 22-CV-2057, 2023 WL 2969823, at **4-5 (E.D.N.Y. Feb. 24, 2023) ("Courts have routinely held that no cause of action can be maintained against a bank's holding company based on [alleged] misconduct by its bank subsidiary").  Unless claims against this entity are voluntarily dismissed, the requested extension herein would apply to it as well.

January 21, 2025
Page 2

Respectfully submitted,

**/s/ _Sylvia E. Simson_**

Sylvia E. Simson

CC (by ECF):  All counsel of record