# GT GreenbergTraurig

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

<div style="color: blue;">
Request GRANTED. The IPTC currently scheduled for March 13, 2025, shall be adjourned to March 21, 2025, at 11:30 a.m. The parties' joint letter and proposed case management plan shall be due no later than March 11, 2025.

Dated: February 27, 2025
New York, New York

SO ORDERED.

*/s/ Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**
</div>

February 26, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 20B
New York, NY 10007

Re:   *iMerchant, Inc. v. JPMorgan Chase & Co, et al.* No. 1:24-cv-09727-JLR—
      JPMorgan Chase Bank, N.A.'s Consent Request For Adjournment of Initial Pretrial Conference

Dear Judge Rochon:

My firm is counsel for defendants JPMorgan Chase Bank, N.A. ("Chase") and JPMorgan Chase & Co. in the above-captioned action.[1] Pursuant to Rule 1(F) of Your Honor's Individual Rules of Practice in Civil Cases, Chase writes to request an adjournment of the Initial Pretrial Conference currently scheduled for March 13, 2025 at 10:00 a.m. Counsel for plaintiff iMerchant Inc. has consented to this request. The parties have met and conferred, and determined they are available on the morning of March 21, 2025 and April 1, 2025 between 1:30 p.m. and 3:30 p.m., should be Court be amenable to either of those times.

This is Chase's second request for an adjournment of the Initial Pretrial Conference.[2] Chase makes this request due to a pre-existing irreconcilable conflict for Chase's lead counsel. Other than the deadlines associated with filing a proposed Civil Case Management Plan and Scheduling Order and joint letter prior to the Initial Pretrial Conference, as described in Rule 2(D) of Your Honor's Individual Rules of Practice in Civil Cases, there are no other deadlines or scheduled appearances before the Court that such an adjournment would affect.

We appreciate the Court's attention to this matter and are available should the Court have any questions.

---

[1] As Chase has maintained in its Notice of Removal and Answer, its co-defendant JPMorgan Chase & Co. is not a proper party to this action. *See* Doc. No. 1 ¶¶ 17-19; *see also Russell v. Citigroup*, No. 22-CV-2057, 2023 WL 2969823, at **4-5 (E.D.N.Y. Feb. 24, 2023) ("Courts have routinely held that no cause of action can be maintained against a bank's holding company based on [alleged] misconduct by its bank subsidiary"). Unless claims against this entity are voluntarily dismissed, the requested adjournment herein would apply to it as well.

[2] Chase's first request was made in conjunction with its request for an extension of time to respond to the Complaint, so that the Initial Pretrial Conference post-dated Chase's response to the Complaint. *See* Doc. No. 14. On February 21, 2025, Chase responded to the Complaint by filing an Answer. *See* Doc. No. 18 (under seal); Doc. No. 19 (public).

February 26, 2025
Page 2

                                               Respectfully submitted,

                                               **/s/ <u>Sylvia E. Simson</u>**

                                               Sylvia E. Simson

CC (by ECF): All counsel of record